UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANTZ CONSEILLANT a.k.a. UR-AMEN,

                                    Plaintiff,

                    -against-

PHYSICIAN POVILON, et al.,

                                    Defendants.

1:23-CV-6386 (LTS)

ORDER TO SHOW CAUSE UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who appears *pro se*, filed the complaint commencing this action while he was

held in the Anna M. Kross Center ("AMKC") on Rikers Island, and he seeks to proceed in this

action *in forma pauperis* ("IFP").[1] In an order dated August 14, 2023, in another of Plaintiff's

*pro se* actions that he brought in this court, the Court directed Plaintiff to show cause by

declaration, within 30 days, why the Court should not vacate a previously issued order in that

action granting Plaintiff IFP status, pursuant to the "three strikes" provision of the Prison

Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). *Conseillant v. William*, ECF 1:23-CV-

5816, 5 (S.D.N.Y. Aug. 14, 2023). Plaintiff has not yet filed a declaration in that action.

    For the reasons set forth below, the Court directs Plaintiff to, within 30 days, either pay

the $402 in fees to proceed with this action or show cause, by declaration, why the Court should

allow him to proceed with this action IFP, as a prisoner, under the statutory exception to the

PLRA's three-strikes filing bar.

─────────────

    [1] It appears that Plaintiff is currently being treated in the Central New York Psychiatric
Center.

## PRISON LITIGATION REFORM ACT

Under the PLRA's three-strikes provision:

> [i]]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If a prisoner's federal civil action is dismissed for a strike reason, and the prisoner's subsequent appeal of that dismissal is also dismissed for a strike reason, those dismissals count as two strikes under Section 1915(g). *Chavis v. Chappius*, 618 F.3d 162, 167-69 (2d Cir. 2010). The Section 1915(g) filing bar takes effect when the third strike is entered. *See Coleman v. Tollefson*, 575 U.S. 532, 537-39 (2015).

For the purpose of the PLRA, the term "prisoner" refers to "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h). A litigant is considered to a be a prisoner under the PLRA if he fits that definition at the moment that he files his complaint. *See Gibson v. City Mun. of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) (quoting *Harris v. City of New York*, 607 F.3d 18, 21-22 (2d Cir. 2010)).

Because Plaintiff filed the complaint commencing this action while he was held in the AMKC by the New York City Department of Correction, it appears that, for this action, he is a prisoner for the purpose of the PLRA. As Plaintiff has earned at least three strikes before filing this action, *see Conseillant*, ECF 1:23-CV-5816, 5 (listing Plaintiff's earned strikes),[2] he appears

---

[2] In addition to the strikes listed in the Court's August 14, 2023 order in *Conseillant*, 1:23-CV-5816, it appears that Plaintiff earned another strike, as a prisoner, before filing both that action and this one. *See Conseillant v. Cerio*, No. 06-5631-pr (2d Cir. Jan. 14, 2008) (appeal

to be barred from bringing this action IFP, as a prisoner, unless he alleges facts showing that he

qualifies for the statutory exception to the Section 1915(g) filing bar.

Under the statutory exception, a prisoner who has earned at least three strikes under the

PLRA is barred from bringing a federal civil action IFP "unless [he] . . . is under imminent

danger of serious physical injury." § 1915(g). For the purpose of this exception, an imminent

danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*,

554 F.3d 293, 296 (2d Cir. 2009); it must be one "existing at the time the complaint is filed,"

*Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). "[A]lthough the feared physical injury

must be 'serious,' '[courts] should not make an overly detailed inquiry into whether the

allegations qualify for the exception,' because § 1915(g) 'concerns only a threshold procedural

question'. . . ." *Chavis*, 618 F.3d at 169-70. Yet, "the complaint . . . must reveal a nexus between

the imminent danger it alleges and the claims it asserts[] in order for the litigant to qualify for the

'imminent danger' exception of § 1915(g)." *Pettus*, 554 F.3d at 298. As to whether a complaint

shows such a nexus, courts consider: "(1) whether the imminent danger of serious physical injury

that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the

complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id.* at 298-99

(emphasis in original, footnote omitted). A prisoner seeking to proceed IFP under this exception

to the Section 1915(g) filing bar may do so if at least one of his claims in his action has such a

nexus to the alleged imminent danger of serious physical injury. *See Chavis*, 618 F.3d at 171-72.

While what constitutes an imminent danger of serious physical injury under this

exception is not defined, the United States Court of Appeals for the Second Circuit has found

that "[a]n allegation of a recent brutal beating, combined with three separate threatening

_____

dismissed as frivolous).

incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception." *Id.* at 170. Another Court of Appeals has found that "a chronic disease that could result in serious harm or even death constitutes 'serious physical injury.'" *Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 7 (D.C. Cir. 2006); *see McFadden v. Noeth*, 827 F. App'x 20, 24-25 (2d Cir. 2020) (summary order) (a plaintiff "meets the first prong because he plausibly alleges that there was a danger to his physical well-being resulting from Hepatitis C. . . . [The] danger resulted from the Defendants' failure to treat his chronic illness. . . ."). Still another Court of Appeals has held that a "prison's continued denial and delay in providing [a prisoner] medical treatment [that] are directly causing his worsening physical and medical conditions [can] present an imminent danger of serious physical injury." *Hall v. United States*, 44 F.4th 218, 231 (4th Cir. 2022); *see Fletcher v Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010) ("[A]n untreated wound, like an untreated acute illness, could pose an imminent danger of serious physical harm.").

Plaintiff seems to allege that, on July 1, 2023 (the date that he submitted the complaint that commenced this action to the AMKC mail system for its delivery to this court), while he was in the AMKC's medical unit, he was designated with a "level one" mental-heath status. (ECF 1, at 7, 11.) Plaintiff also alleges that, on that date, Correction Officer Vincent saw that Plaintiff's "feet [were] swollen abnormally so she demanded Physician Povilon to give [Plaintiff] emergency sick call. . . . Physician Povilon did not examine [Plaintiff's] feet. He said he would call [Plaintiff] back down to [the] medical unit which he did not unlawfully on three situations that day [*sic*]." (*Id.* at 9.) He further alleges that he "was misdiagnosed by Doctor Shadia Hannah at Central New York Psychiatric Center[,] [also known as] Marcy Hospital." (*Id.* at 7.) In addition, Plaintiff alleges that he "was shot in [his] left hand" on April 2, 2023. (*Id.* at 9.) He also

states that he seeks damages because "all [of] this could [have] been prevented if there was care, custody, [and] control by our country[']s governmental health, safety, [and] security agencies." (*Id.*) Plaintiff further states that he "called #311 [and] #911 and made complaints . . . concerning physical violence being a risky behavior for HIV/AIDS" and Hepatitis B and C. (*Id.* at 9, 12.)

Plaintiff raises four separate circumstances for the Court to consider, but none show that, at the time that he filed his complaint while he was held as a prisoner in the AMKC, Plaintiff was under an imminent danger of serious physical injury, nor that there is a nexus between any such imminent danger and at least one of the claims that he asserts in this action. First, Plaintiff seems to allege that, on the date of filing, July 1, 2023, he was designated with a "level one" mental-health status. The Court does not have any facts showing that Plaintiff's mental illness manifested itself in a manner that would cause him an imminent danger of serious *physical* injury, that any such imminent danger caused by such physical injury was fairly traceable to any of the defendants' alleged conduct, and that a favorable judicial outcome would redress that injury.

Second, Plaintiff alleges that, on the date of filing, July 1, 2023, he was suffering from swollen feet and that Defendant Povilon, an AMKC physician, failed to examine him. He does not allege, however, facts sufficient to show that, on that date, his swollen feet – an injury that, as alleged, does not seem to rise to the level of seriousness required by caselaw – constituted an imminent danger of serious physical injury, that any imminent danger arising from that serious injury was fairly traceable to any of the defendants' alleged conduct, as well as that a favorable judicial outcome – the damages that Plaintiff seeks – would redress that injury.

Plaintiff further alleges that he was shot in his left hand on April 2, 2023, approximately three months before he filed his complaint, on July 1, 2023. Although this arguably could be

considered to be a serious physical injury, Plaintiff does not allege facts sufficient to show that he continued to be in imminent danger of serious physical injury three months later, on July 1, 2023, the date when he filed his complaint. In addition, he also does not show that there is a nexus between such an injury and any of the claims that he asserts, as he does not show that, at the time of filing, there was an imminent danger arising from that injury that is fairly traceable to the defendants' conduct, as well as that a favorable judicial outcome would redress that injury.

Finally, Plaintiff asserts unspecified allegations about physical violence, HIV/AIDS, and Hepatitis B and C. He does not allege any facts, however, showing that, at the time that he filed his complaint, on July 1, 2023, he was under imminent danger of serious physical injury because of physical violence, HIV/AIDS, or Hepatitis B or C. He also does not show that, on that date, there was an imminent danger of serious physical injury arising from any of those sources that is fairly traceable to the defendants' conduct, as well as that a favorable judicial outcome would redress that injury.

Accordingly, Plaintiff has not alleged facts sufficient to show that he can proceed with this action IFP, as a prisoner, pursuant to the statutory exception to the Section 1915(g) filing bar.

### NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore directs Plaintiff to either pay the $402 fees to proceed with this action or show cause, by declaration, why he may proceed with this action IFP, as a prisoner, under the statutory exception to the Section 1915(g) filing bar.

Plaintiff must pay the fees or submit his declaration within 30 days. If Plaintiff does not pay the fees or show cause why he may proceed with this action IFP, as prisoner, under the statutory exception to the Section 1915(g) filing bar, or if he fails to respond to this order, within the time allowed, the Court will dismiss this action without prejudice as barred under Section 1915(g).

## CONCLUSION

The Court directs Plaintiff to either pay the $402 in fees to proceed with this action or show cause, by declaration, why the Court should allow him to proceed with this action IFP, as a prisoner, under the statutory exception to the filing bar imposed on him pursuant to 28 U.S.C. § 1915(g). Plaintiff must pay the fees or file a declaration within 30 days. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not pay the fees or show cause, or if he fails to respond to this order, within the time allowed, the Court will dismiss this action without prejudice as barred under Section 1915(g).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 10, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge