UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANTZ CONSEILLANT a.k.a. UR-AMEN,

                Plaintiff,

      -against-

PHYSICIAN POVILON, et al.,

                Defendants.

1:23-CV-6386 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    By order dated October 10, 2023, the Court directed Plaintiff, who appears *pro se*, within 30 days, to either pay the fees to bring this action or show cause, by declaration, as to why the Court should allow him to proceed with this action *in forma pauperis* ("IFP"), as a prisoner, under the statutory exception to the filing bar previously imposed on him pursuant to 28 U.S.C. § 1915(g).[1] (ECF 4.) On November 6, 2023, the Court received Plaintiff's declaration in response to that order. (ECF 5.)

    As discussed below, Plaintiff does not show, in his declaration, that he qualifies for the statutory exception to the filing bar previously imposed on him pursuant to Section 1915(g). Thus, the Court denies Plaintiff's IFP application for this action and dismisses this action without prejudice.

## BACKGROUND

    In the Court's October 10, 2023 order, the Court noted that Plaintiff, in his complaint, raises four separate circumstances for the Court to consider with respect to whether Plaintiff was under imminent danger of serious physical injury at the time that he filed his complaint while he

---

[1] Plaintiff filed his complaint while he was held in the Anna M. Kross Center on Rikers Island. He is currently being treated in the Central New York Psychiatric Center.

was held in the Anna M. Kross Center ("AMKC") on Rikers Island, and as to whether there is a nexus between any such imminent danger and at least one of the claims that he asserts in this action. (ECF 4, at 5.) First, Plaintiff seems to allege that, on the date of filing of his complaint, July 1, 2023, he was designated with a "level one" mental-health status. Second, he alleges that, on the date of filing, he was suffering from swollen feet and that Defendant Povilon, an AMKC physician, failed to examine him. Third, Plaintiff alleges that he was shot in his left hand on April 2, 2023, approximately three months before he filed his complaint. Finally, he asserts unspecified allegations about physical violence, HIV/AIDS, and Hepatitis B and C.[2]

With respect to each of these circumstances, the Court found that Plaintiff had either failed to allege facts sufficient to show that, at the time of filing his complaint, he was under imminent danger of serious physical injury or, if he was under such a danger, that it was fairly traceable to any of the defendants' alleged conduct and/or that a favorable outcome would redress that injury. (*Id.* at 5-6.) Having found that Plaintiff did not allege facts sufficient to show that he can proceed with this action IFP, as a prisoner, pursuant to the statutory exception to the Section 1915(g) filing bar, but also noting his *pro se* status, the Court allowed Plaintiff an opportunity to allege such facts in a declaration. (*See id.* at 6-7.)

In response to that order, Plaintiff states the following in his declaration:

1. After deliberate indifference of the physician's Povilon actions I tested positive for diabetes which could of le[d] to me going blind, legs being amputated, death.

2. Human beings with cancer, HIV = AIDS[,] Hepatitis B and C who promote gangsterism and terrorism pose a threat to our American society and globe = [be]cause they feel they [are] about to die. Their idea[] is to take other human being[s] with them. I was attacked on Riker[s] Island. It

---

[2] Plaintiff "seeks damages because 'all [of] this could [have] been prevented if there was care, custody, [and] control by our country[']s governmental health, safety, [and] security agencies.'" (ECF 4, at 4-5 (quoting ECF 1, at 9)).

2

> is on video = they gave a HIV, Hep[atitis] B and C test upon request I tested negative. I could [have] got[ten] sick.

(ECF 5, at 1-2.)

## DISCUSSION

As discussed in the Court's October 10, 2023 order, to qualify for the statutory exception to the Section 1915(g) filing bar, a prisoner must be under imminent danger of serious physical injury at the time that he files his complaint. (ECF 4, at 2-3 (quoting 28 U.S.C. § 1915(g))). There must also be a nexus between that imminent danger and a least one claim raised by the prisoner. (*Id.* at 3 (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2002), and citing *Chavis v. Chappius*, 618 F.3d 162, 171-72 (2d Cir. 2010))). "As to whether a [litigant] shows such a nexus, courts consider: '(1) whether the imminent danger of serious physical injury that [the] . . . litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury.'" (*Id.* (quoting *Pettus*, 554 F.3d at 298-99) (emphasis in original))).

Plaintiff's allegations in his declaration do not show that Plaintiff, at the time that he filed his complaint while he was held in the AMKC, was under imminent danger of serious physical injury or, if he was under such a danger, that it was fairly traceable to any of the defendants' alleged conduct and/or that a favorable outcome would redress that injury. Accordingly, Plaintiff does not qualify for the statutory exception to the Section 1915(g) filing bar previously imposed on him. The Court therefore denies Plaintiff's IFP application and dismisses this action without prejudice.

## CONCLUSION

Plaintiff does not qualify for the statutory exception to the filing bar previously imposed on him pursuant to 28 U.S.C. § 1915(g). The Court therefore denies Plaintiff's IFP application and dismisses this action without prejudice.[2] *See* 28 U.S.C. § 1915(g).

Plaintiff remains barred from filing any future federal civil action IFP, as a prisoner, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action.

SO ORDERED.

Dated:  December 19, 2023
        New York, New York

                                /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                                Chief United States District Judge

---

[2] Plaintiff may commence a new federal civil action, as a prisoner, by paying the fees to bring such an action. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court notes that it may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the relevant fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).